## WATERMAN MEDICAL CENTER, INC. v. DIVISION OF RETIREMENT, et al. and BENDER, et al. v. WATERMAN MEDICAL CENTER, INC., et al.

Case No. 80-1592 "Class Representation"

Second Judicial Circuit, Leon County

February 27, 1984

### OPINION OF THE COURT

JOHN A. RUDD, Circuit Judge.

### FINAL JUDGMENT

This cause having come before the Court on final hearing and after having heard arguments of counsel and considered the stipulations and evidence presented by the parties, it is

ORDERED AND ADJUDGED:

1. This is an action brought by Waterman Medical Center, Inc., formerly known as Waterman Memorial Hospital Association, Inc., (hereinafter referred to as "Waterman" or "Association"), seeking a

declaratory judgment authorizing it to withdraw from further participation in the Florida Retirement System and reimbursement of retirement contributions made to the Florida Retirement System. The District Court of Appeal reversed a prior decision of this Court and held that Waterman is not eligible to participate in the Florida Retirement System, but remanded the case to this Court for further proceedings which would protect the interests and rights of the class members.

2. Carl J. Bender and Darrell Shonkiler, Intervenors/Plaintiffs were granted leave to intervene in the action as class representatives on behalf of certain Waterman employees. The Intervenors, on behalf of the class, filed a Complaint seeking a declaratory judgment to determine the rights of the class of persons who were employees of Waterman at any time during the period from January, 1966, to December 31, 1982, to participate in the Florida Retirement System or to receive certain retirement benefits from Waterman. All new Waterman employees hired after December 31, 1982, are not eligible to participate in the Florida Retirement System and are not members of the class established by the Court. They are not affected by this Order.

3. The class members, by Orderof this Court, were subdivided into five (5) subclasses which are defined as:

1. Any person previously employed at Waterman Memorial Hospital Association, Inc., who was receiving retirement benefits from the Florida Retirement System on December 31, 1982.

2. Any employee of Waterman Memorial Hospital Association, Inc., as of December 31, 1982, with over ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

3. Any employee no longer working at Waterman Memorial Hospital Association, Inc., as of December 31, 1982, but who has over ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

4. Any employee of Waterman Memorial Hospital Association, Inc., as of December 31, 1982, with less than ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

5. Any employee no longer working at Waterman Memorial Hospital Association, Inc., on December 31, 1982, but who has less than ten (10) years of service at the Association or other Florida Retirement-covered Agency.

In accordance with the Florida Rules of Civil Procedure, the Plaintiff was instructed to notice each member of the class and to

143

publish said notices in a newspaper of general circulation in Lake County, Sumter County, Marion County, and Orange County once a week for four (4) consecutive weeks. An affidavit was filed with the Court attesting to such notice and the proof of publication of each newspaper notice has been filed with the Court.

4. This Court finds that the proper class is "all persons who have been employees of Waterman Memorial Hospital Association, Inc., at any time since January 16, 1966, to December 31, 1982."

5. The subclasses as delineated above are proper subclasses and the Intervenors, Carl J. Bender and Darrell Shonkwiler, are the proper class representatives, and as such, have capably and adequately represented the legal rights of the class in their representative capacities of all the subclasses.

6. The notice which was given to each member of the class that could be identified and located through reasonable effort, and the constructive service which was given to the other members of the class, were reasonable and meets the requirements of notice as set forth in the Florida Rules of Civil Procedure.

7. Pursuant to this Court's Order of May 18, 1983, and Rule 1.200 , Florida Rules of Civil Procedure, class members were advised of their right to affirmatively elect not to participate as a class member in this action. The following persons, who may or may not be class members, have elected to be excluded from this class action, and therefore their individual rights are not adjudicated by this Final Judgment:

1. Carole S. King

2. Theodosia Lambert

3. Edith R. H. Jones

4. Maureen Feehon

5. Gary R. VanLandingham—7/3/83

6. Alberta Rollins

7. Deborah Bursley Culver

8. Jacqueline Kukowski

9. Helen V. Pabletts

10. William F. Cox, Jr.

11. Verna Kay Cox

12. Cynthia L. (Parker) Baker

13. Dorothy Trest

144

14. Genevieve Dunton

15. Lowell V. Summers

16. Lorna M. Eckian

17. Karen Wilcox Natt, formerly
Karen Lorene Wilcox

18. Karol Dlugoszenski, formerly
Karol Janine Wilcox

19. Munroe A. Crews

8. The class representatives, on behalf of the following subclasses:

1. Any person previously employed at Waterman Memorial Hospital Association, Inc., who was receiving retirement benefits from the Florida Retirement System on December 31, 1982.

3. Any employee no longer working at Waterman Memorial Hospital Association, Inc., as of December 31, 1982, but who has over ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

5. Any employee no longer working at Waterman Memorial Hospital Association, Inc., on December 31, 1982, but who has less than ten (10) years of service at the Association or other Florida Retirement-covered Agency.

have asserted estoppel against the Division of Retirement. All parties to this proceeding agree that such estoppel does exist and that each of these three subclasses should remain in the Florida Retirement System. Under the exceptional circumstances of this case, the Court finds that such an application of the doctrine of estoppel is, appropriate.

9. The class representatives on behalf of the following subclasses:

2. Any employee of Waterman Memorial Hospital Association, Inc., as of December 31, 1982, with over ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

4. Any employee of Waterman Memorial Hospital Association, Inc., as of December 31, 1982, with less than ten (10) years of service at the Association or other Florida Retirement System-covered Agency.

have alternatively asserted estoppel against Waterman and the Division, but have elected to exercise their rights only against Waterman rather than the Division of Retirement. Since these subclasses have elected to assert estoppel against Waterman, and the Court finds the assertion of estoppel to be proper, they have elected not to participate in the Florida Retirement System. This election was based, in part, on

Waterman's agreement to establish a pension plan which will provide these subclasses with benefits which are more favorable than those provided by the Florida Retirement System. The Court finds this election to be in the best interest of the members of these subclasses. The Court finds the affirmative defenses raised by the Division of Retirement regarding this issue to be without merit. Determination of membership of subclasses 2 and 4 in the Florida Retirement System shall be retroactive to each individual's earliest date of employment with Waterman.

10. The retirement contributions made to the Florida Retirement System on behalf of the class members should be held by the entity which will provide retirement benefits to these employees. In addition, any earnings on such contributions should also be held by such entity. This will provide both Waterman and the Florida Retirement System with the contributions and earnings which relate to the retirement benefits that each will provide. Therefore, the employer and employee contributions, together with all earnings attributable to those contributions, made on behalf of subclasses 2 and 4 shall be transferred by the Division of Retirement to the trustees of the pension plan to be established by Waterman. This sum shall be reduced by an amount equal to the percentage costs actually incurred by the Division of Retirement for the cost of administration.

11. Waterman shall establish a pension plan within forty-five (45) days of the date of this Final Judgment. This plan shall credit employees in subclasses 2 and 4 with all years of service which they now have with the Florida Retirement System for benefit, vesting, and accrual purposes. The plan shall meet the terms and conditions of the Employee Retirement Income Security Act of 1974, as amended, and shall provide substantially identical or more favorable benefits than those benefits which are provided by the Florida Retirement System as of the date of this Final Judgment. The plan shall also provide that the normal form of retirement benefit shall be a monthly benefit for life with ten (10) years certain, and shall further provide that retirement benefits shall be actuarially increased for the period of deferral after an employee's normal retirement date.

12. Since December 31, 1982, and the date of this Final Judgment, approximately seven (7) Waterman employees have retired and are receiving retirement benefits from the Florida Retirement System. These now retired class members, as members of subclass 2, shall be placed in the pension plan established by Waterman, and the Florida Retirement System shall be entitled to deduct from the monies being transferred to the trustees of the Waterman pension plan, as directed in

146

paragraph 9 above, an amount equal to the retirement benefits previously paid by the Florida Retirement System to these now retired class members, together with interest at the rate of 12%.

13. In order to provide portability and protect the retirement rights of those employees affected by this Final Judgment, any class member who changes employment from Waterman to an employer participating in the Florida Retirement System during the period January 1, 1983, through January 26, 1985, inclusive, may elect to receive credit in the Florida Retirement System for all years of past service with Waterman, and upon the request of such employee, Waterman shall transfer all contributions made on behalf of such employee, plus earnings (to include those earnings paid by the Florida Retirement System to Waterman on behalf of said employees) on these contributions, to the Division of Retirement. Such request by an employee must be made within 30 days of employment with the employer participating in the Florida Retirement System, but in no event, later than February 26, 1985. In the case of a former Waterman employee who is rehired by Waterman during this period, such employee shall be included in the pension plan established pursuant to Paragraph 11 above, and Waterman shall provide such employee with credit for all previously earned years of service with Waterman and any other employer who participated in the Florida Retirement System.

14. Waterman terminated contributions to the Division of Retirement effective October 31, 1982, and subsequently, pursuant to an Order of this Court, Waterman has deposited an amount equal to Florida Retirement System's required contributions for its employees with the Barnett Bank Trust Company, N.A. ("Barnett Bank"). Waterman and the Division of Retirement have agreed that the termination date for Waterman's participation in the State Retirement program, and that of subclasses 2 and 4, should be December 31, 1982. Waterman is directed to instruct the Barnett Bank to transfer to the Florida Retirement System those sums necessary to fund the retirement contribution for the months of November and December, 1982, together with interest thereon calculated at 12% per annum.

15. Since the inception of this litigation, Waterman has paid all costs and expenses pertaining to this litigation. The Court finds that Waterman and the Division of Retirement are responsible for all costs and fees, to include attorneys' fees, which each has incurred during this litigation. Additionally, Waterman is responsible for all costs and fees incurred by the Intervenors. However, Waterman shall be entitled to deduct from the funds held by the Barnett Bank all sums necessary to reimburse Waterman and Intervenors for costs, expenses, and attor-

neys' fees. The balance of the funds held by the Barnett Bank for subclasses 2 and 4 shall be paid to the Trustee of the Waterman pension plan.

16. This is a Final Judgment; however, due to the nature of this case and the necessity for future implementation of its provisions, the Court reserves jurisdiction to enforce the provisions of this Judgment. The Court reserves jurisdiction until March 24, 1985, to decide any collateral issues that may arise.